| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Larry Randall Kelley |
| Debtor 2 | Angela Michelle Kelley |
| United States Bankruptcy Court for the: | District of South Carolina |
| Case number | 19-05863 |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____

_____

_____

_____

District of South Carolina

# Chapter 13 Plan

5/19

## Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | X Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | X Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | X Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | X Not included |

Debtor _Kelley_                                                    Case Number _19-05863_

| Part 2: | Plan Payments and Length of Plan |
|---|---|

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$998 for 60 months**

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☒ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

2.3    **Income tax refunds.**

*Check one.*
- ☒ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income tax refunds as follows:
  _____
  _____

2.4    **Additional payments.**

*Check one.*
- ☒ **None.**    *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | Treatment of Secured Claims |
|---|---|

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1    **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise

Debtor _____*Kelley*_____ Case Number __19-05863__

ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| BB&T Mortgage | 414 Willow Drive Piedmont, SC | $1,950 Includes amounts accrued through the November 2019 payment. | 0% | $39 (or more) |

3.2 **Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| DB Carter | 2008 Chevy Avalanche | $16,548 | 6.25% | $347 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |
| Wells Fargo Dealer Services | 2012 Ford Mustang | $19,151 | 6.25% | $402 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |
| Conns HomePlus | Hisense 55in television | $2,475 | 6.25% | $56 (or more)<br><br>Disbursed by<br>☒ Trustee<br>☐ Debtor |

3.4 **Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

Debtor _Kelley_           Case Number _19-05863_

[X]  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Regional Finance | $11,319 | $0 | $1,850 -S.C. Code Ann. § 15-41-30(A)(3) ~Household furnishings and goods, wearing apparel, appliances, books, animals, crops, or musical instruments | $1,850 | None | All |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| Credit Central | $1,850 | $925 | $925 -S.C. Code Ann. § 15-41-30(A)(3) ~Household furnishings and goods, wearing apparel, appliances, books, animals, crops, or musical instruments | $0 | $2,475 | None | All |
| Moonville Finance | $1,850 | $925 | $925 -S.C. Code Ann. § 15-41-30(A)(3) ~Household furnishings and goods, wearing apparel, appliances, books, animals, crops, or musical instruments | $0 | $900 | None | All |

District of South Carolina                                                Page 4
Effective May 1, 2019           Chapter 13 Plan

Debtor _____*Kelley*_____    Case Number __19-05863__

### 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified. *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are

Debtor _Kelley_____    Case Number _19-05863_

available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 Other separately classified nonpriority unsecured claims. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☒ Other. An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Atwood Rentals c/o Summit Management | Storage building | $133 | $0 | $0 |
| Aaron's Rentals | Couch, love seat & bed | $230 | $0 | $0 |
| Ashley Welker | Five rescue horses | $230 | $0 | $0 |

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain

Debtor _Kelley_    Case Number _19-05863_

with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

Student loans will be paid outside the plan by the debtor. Student loan creditors will receive no payments from the chapter 13 trustee.

## Part 9: Signature(s)

9.1    Signatures of the debtor and the debtor's attorney

*The debtor and the attorney for the debtor, if any, must sign below.*

X **/s/ Larry Randall Kelley**
Signature of Debtor 1

X **Angela Whisenhunt Kelley**
Signature of Debtor 2

Executed on **11/18/2019**
MM / DD / YYYY

Executed on **11/18/2019**
MM / DD / YYYY

X **/s/ Sidney Wike, Jr.**
Signature of Attorney for the debtor    DCID #6729

Date    **11/18/2019**
MM/DD/ YYYY

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

### CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of parties served with the plan is attached..

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 19-05863-hb<br>District of South Carolina<br>Spartanburg<br>Mon Nov 11 09:22:10 EST 2019 | Aaron's Inc.<br>1308 E Main Street<br>Easley SC 29640-3741 | Anderson County Tax Collector<br>401 E River St<br>Anderson SC 29624-2401 |
| Anderson Radioogy<br>c/o Progressive Management<br>1521 West cameron Ave.<br>West Covina CA 91790-2738 | Ascendium<br>PO Box 9242<br>Chelsea MA 02150-9242 | (p)ASCENDIUM EDUCATION SOLUTIONS INC<br>2501 INTERNATIONAL LANE<br>MADISON WI 53704-3180 |
| Ashley Welker<br>101 Providence Church Rd.<br>Anderson SC 29626 | Atwood Rentals, Inc.<br>c/o Hagwood and Tipton P.C.<br>P.O. Box 726<br>Paris, TN 38242-0726 | Atwood Rentals, Inc.<br>c/o Summit Management Group, Inc.<br>PO Box 489<br>Milan TN 38358-0489 |
| BB&T Mortgage<br>Attn: Bankruptcy Notice<br>P O Box 7933<br>Springfield OH 45501-7933 | CC Holdings/CardMember Services<br>Attn: Card Services<br>Po Box 9201<br>Old Bethpage NY 11804-9001 | CC Holdings/CardMember Services<br>c/o Carson Smithfield, LLC<br>PO Box 9216<br>Old Bethpage NY 11804-9016 |
| Conns HomePlus<br>Attn: Bankruptcy<br>2445 Technology Forest Blvd, Bldg 4, Ste<br>The Woodlands TX 77381-5259 | Conns HomePlus<br>Box 2356<br>Beaumont TX 77704-2356 | Convergent Outsourcing, Inc.<br>Attn: Bankruptcy<br>Po Box 9004<br>Renton WA 98057-9004 |
| Convergent Outsourcing, Inc.<br>Po Box 9004<br>Renton WA 98057-9004 | Credit Acceptance<br>25505 West 12 Mile Rd<br>Suite 3000<br>Southfield MI 48034-8331 | Credit Acceptance<br>Po Box 5070<br>Southfield MI 48086-5070 |
| Credit Central<br>Attn : Bankruptcy<br>700 East North St, Ste 15<br>Greenville SC 29601-3013 | Credit One Bank, N.A.<br>Attn: Bankruptcy Notice<br>P O Box 98875<br>Las Vegas NV 89193-8875 | Creditcentrl<br>505 Maxey Road<br>Houston TX 77013-5072 |
| DB Carter Used Cars<br>2812 White Horse Rd.<br>Greenville SC 29611-6119 | Duke Energy<br>Attn: Bankruptcy Notice<br>P O Box 1090<br>Charlotte NC 28201-1090 | Easley Head and Neck Surgery, PA<br>115 Whitmire Rd<br>Easley SC 29640-1426 |
| First PREMIER Bank<br>3820 N Louise Ave<br>Sioux Falls SD 57107-0145 | First PREMIER Bank<br>Attn: Bankruptcy<br>Po Box 5524<br>Sioux Falls SD 57117-5524 | Great Lakes Higher Education Corporation<br>111000 Usa Prkwy<br>Fishers IN 46037 |
| Great Lakes Higher Education Corporation<br>Attn: Bankruptcy<br>Po Box 7860<br>Madison WI 53707-7860 | Gretchen D. Holland<br>Ch. 13 Trustee Office<br>20 Roper Corners Circle, Suite C<br>Greenville, SC 29615-4889 | Innervision Imaging Center<br>P O Box 58015<br>Raleigh NC 27658-8015 |

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Angela Michelle Kelley<br>414 Willow Drive<br>Piedmont, SC 29673-8378 |
| Larry Randall Kelley II<br>414 Willow Drive<br>Piedmont, SC 29673-8378 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville SC 29603-0497 |
| LVNV Funding/Resurgent Capital<br>C/o Resurgent Capital Services<br>Greenville SC 29602 | Moonville Finance<br>7740 Augusta Rd.<br>Piedmont SC 29673-6552 | NCSPlus Incorporated<br>Attn: Bankruptcy<br>117 East 24th Street, 5th Floor<br>New York NY 10010-2937 |
| Navient<br>Attn: Bankruptcy<br>Po Box 9640<br>Wilkes-Barre PA 18773-9640 | Navient<br>Po Box 9500<br>Wilkes Barre PA 18773-9500 | Navient<br>Po Box 9635<br>Wilkes Barre PA 18773-9635 |
| Online Collections<br>Attn: Bankruptcy<br>Po Box 1489<br>Winterville NC 28590-1489 | PAF Oven<br>c/o SKO Brenner American<br>40 McDaniel Street<br>Farmingdale NY 11735-1308 | PRISMA Health<br>Greenville Health System)<br>255 Enterprise Boulevard, Ste 210<br>Attn: Bankruptcy<br>Greenville SC 29615-3556 |
| Progressive Leasing<br>5651 W Talavi Blvd.<br>Glendale AZ 85306-1875 | Progressive Management Systems<br>Attn: Bankruptcy Department<br>1521 W Cameron Ave., First Floor<br>West Covina CA 91790-2738 | REGIONAL MANAGEMENT CORP<br>979 BATESVILLE RD., SUITE B<br>GREER, SC 29651-6819 |
| Regional Finance<br>3405 White Horse Road<br>Greenville SC 29611-5947 | Shirley Whisenhunt<br>416 Willow Place<br>Piedmont SC 29673-8378 | Social Secuity Administration<br>Southeastern Service Program Center<br>1200 REv. Abraham Woods, Jr. Blvd.<br>Birmingham AL 35285-0003 |
| Social Security Administration<br>Office of Central Operations<br>1500 Woodlawn Drive<br>Baltimore MD 21241-0001 | South Carolina Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 |
| Sprint Corporation<br>c/o Convergent Outsourcing, Inc.<br>PO Box 9004<br>Renton WA 98057-9004 | SunTrust Banks, Inc.<br>c/o ACI<br>36A Rust Lane<br>Boerne TX 78006-8202 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 |
| U.S. Department of Education<br>Ecmc/Bankruptcy<br>Po Box 16408<br>Saint Paul MN 55116-0408 | U.S. Department of Education<br>Po Box 5609<br>Greenville TX 75403-5609 | US Attorney for SC for IRS<br>Attn.George Conits, Attorney<br>55 Beattie Place Suite #700<br>Greenville SC 29601-2168 |

| | | |
|---|---|---|
| US Atty General Civil Div<br>US Dept of Justice, Bankruptcy<br>Washington DC 20530-0001 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>Po Box 19657<br>Irvine CA 92623-9657 | Wells Fargo Dealer Services<br>Po Box 10709<br>Raleigh NC 27605-0709 |

Sidney Wike
311 Pettigru St.
Greenville, SC 29601-3112

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ascendium Education Solutions, Inc<br>PO Box 8961<br>Madison WI 53708-8961 | Internal Revenue Service<br>Insolvency Group 4<br>1835 Assembly Street<br>MDP 39<br>Columbia SC 29201 | Sprint Corporation<br>6200 Sprint Parkway<br>Attn: Bankruptcy Notification<br>Overland Park KS 66251 |

End of Label Matrix
Mailable recipients    63
Bypassed recipients     0
Total                  63